STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-141

STATE OF LOUISIANA

VERSUS

HAROLD DEWAYNE BAYLOR, SR.

THIBODEAUX, Chief Judge, dissenting in part.

In affirming the Defendant's conviction for attempted carjacking, the majority errs and stands *Jackson v. Virginia*'s doctrine of insufficiency review on its head. No rational trier of fact could have found beyond a reasonable doubt that the Defendant had the specific intent to commit carjacking and performed an act toward accomplishing that goal.

*State v. Mussall*, 523 So.2d 1305 (La.1988) eruditely explains:

> The Jackson v. Virginia [sic] doctrine involves more than simply applying a fixed standard to measure the simple quantum of the evidence produced in a case. . . . First, a review of a criminal conviction record for sufficiency of evidence does *not* require a court to " 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt [sic]' " Second, a reviewing court must consider the record through the eyes of a hypothetical rational trier of fact who interprets all of the evidence as favorably to the prosecution as any rational fact finder can. Third, the inquiry requires the reviewing court to ask whether such a hypothetical rational trier of fact interpreting all of the evidence in this manner could have found the essential elements of the crime beyond a reasonable doubt.
>
> The principal criterion of a *Jackson v. Virginia* review is *rationality*. This is because under Winship [sic] and Jackson [sic] Fourteenth Amendment due process demands that in state trials, as has been demanded

traditionally in federal trials, a criminal conviction cannot constitutionally stand if it is based on a record from which no *rational* trier of fact could find guilt beyond a reasonable doubt. Accordingly, under the Jackson [sic] methodology a reviewing court is required to view the evidence from the perspective of a hypothetical *rational* trier of fact in determining whether such an unconstitutional conviction has occurred. In reviewing the evidence, the whole record must be considered because a *rational* trier of fact would consider all of the evidence, and the actual trier of fact is presumed to have acted *rationally* until it appears otherwise. If *rational* triers of fact could disagree as to the interpretation of the evidence, the *rational* trier's view of all of the evidence most favorable to the prosecution must be adopted. Thus, *irrational* decisions to convict will be overturned, *rational* decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.

The Jackson [sic] doctrine or methodology is a compromise between the one extreme that maximizes the protection against the risk that innocent persons will be erroneously convicted by appellate replication of criminal trials and the other extreme that places the greatest faith in the ability of the triers of facts to produce just verdicts. Not only did the Supreme Court abjure any requirement that a reviewing court retry the issue of guilt, but it also rejected all forms of limited review under which a partial or one-dimensional view of the evidence is accepted as an index of its actual probative value. The Jackson [sic] doctrine does not permit the reviewing court to view just the evidence most favorable to the prosecution and then to decide whether that evidence convinced it beyond a reasonable doubt. Nor does it require a court to decide whether, based on the entire record, the *average* rational trier of fact could be convinced of guilt beyond a reasonable doubt.

*Id*. at 1309-10 (footnote omitted).

In invoking the wisdom of Professor Wright, the important points are that "the court is not to substitute its judgment of what the verdict should be for that of the jury, but that at the same time the jury cannot be permitted to speculate if the evidence is such that reasonable jurors must have a reasonable doubt." *Id*. at 1311

2

(quoting 2 CHARLES ALAN WRIGHT, FEDERAL PRACTICE & PROCEDURE, CRIMINAL 2d, § 467 (2d ed. 1982)). What the majority has decided is exactly what is prohibited in a sufficiency of the evidence review: it has allowed the jury to speculate on evidence so skimpy and factually tenuous that any rational person would have a reasonable doubt. The paucity of evidence borders on the embarrassing.

Louisiana Revised Statutes 14:64.2(A) defines carjacking as "the intentional taking of a motor vehicle . . . belonging to another person, in the presence of that person . . . by use of force or intimidation." The evidence fails to disclose a "taking." The Defendant simply jumped head first into the open passenger window of a vehicle being driven by the alleged victim, Mr. Butler. The Defendant never took control of the car. How could he commandeer the car when his feet were still hanging out of the window? No rational juror could find beyond a reasonable doubt that this act tended "directly toward the accomplishing" of carjacking. *See* La.R.S. 14:27(A).

Moreover, the alleged *victim*, Mr. Butler, testified that the Defendant never threatened him, did not wrestle with him, had no weapon and never laid a hand on him. The majority concedes this. How could any rational juror, based on this evidence, find that force or intimidation was used?

The majority relies on the police officers' testimony. That is unpersuasive. Officer Prestridge said that it *appeared* the Defendant was attacking Mr. Butler. Officer Neal conceded that the contact between Mr. Butler and the Defendant may have been incidental. Thus, a police officer's *subjective* feelings trump the *objective* assertions of a victim. How rational can that be? I realize justice is sometimes blind, but "such blindness does not include a state of insensibility to that

3

which is so obvious." *Trahan v. Superior Oil Co.*, 204 F.Supp. 627, 632 (W.D. La. 1962), *aff'd*, 322 F.2d 234 (5th Cir. 1963).

The majority eviscerates the function of a reviewing court and relinquishes our court's authority completely to the emotional vicissitudes of a jury's discretion; the effect is that such discretion is completely unfettered. As the majority states, "the jury was able to view the witnesses live whereas we [the appellate court] are limited to a reading of a cold transcript of the proceeding." Consequently, "the jury had a better vantage point from which to weigh the testimony of the witnesses. . . ." While factional findings and credibility determinations are within the province of the factfinder and are entitled to deference, they are not entitled to infallible omniscience. *Discretio est discernere per legem, quid sit justum*—unlimited discretion does not exist in the law!

The majority's reliance on *State v. Ordodi*, 06-207 (La. 11/29/06), 946 So.2d 654, is equally unpersuasive. *Ordodi* did not articulate any new principles of law, nor does it compel the affirmance of a conviction regardless of the featherweight nature of the evidence. *Ordodi* simply concluded that the supreme court could not "say that the jury's determination [was] irrational *under the facts and circumstances presented to them*." *Id*. at 662 (emphasis added). In contrast, the jury's determination in convicting the Defendant of attempted carjacking was irrational and legally insupportable.

For the foregoing reasons, I dissent.

STATE OF LOUISIANA

VERSUS

HAROLD DEWAYNE BAYLOR, SR.

**THIBODEAUX, Chief Judge, dissenting in part.**

In affirming the Defendant's conviction for attempted carjacking, the majority errs and stands *Jackson v. Virginia*'s doctrine of insufficiency review on its head. No rational trier of fact could have found beyond a reasonable doubt that the Defendant had the specific intent to commit carjacking and performed an act toward accomplishing that goal.

*State v. Mussall*, 523 So.2d 1305 (La.1988) eruditely explains:

> The Jackson v. Virginia [sic] doctrine involves more than simply applying a fixed standard to measure the simple quantum of the evidence produced in a case. . . . First, a review of a criminal conviction record for sufficiency of evidence does *not* require a court to " 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt [sic]' " Second, a reviewing court must consider the record through the eyes of a hypothetical rational trier of fact who interprets all of the evidence as favorably to the prosecution as any rational fact finder can. Third, the inquiry requires the reviewing court to ask whether such a hypothetical rational trier of fact interpreting all of the evidence in this manner could have found the essential elements of the crime beyond a reasonable doubt.
>
> The principal criterion of a *Jackson v. Virginia* review is *rationality*. This is because under Winship [sic] and Jackson [sic] Fourteenth Amendment due process demands that in state trials, as has been demanded

traditionally in federal trials, a criminal conviction cannot constitutionally stand if it is based on a record from which no *rational* trier of fact could find guilt beyond a reasonable doubt. Accordingly, under the Jackson [sic] methodology a reviewing court is required to view the evidence from the perspective of a hypothetical *rational* trier of fact in determining whether such an unconstitutional conviction has occurred. In reviewing the evidence, the whole record must be considered because a *rational* trier of fact would consider all of the evidence, and the actual trier of fact is presumed to have acted *rationally* until it appears otherwise. If *rational* triers of fact could disagree as to the interpretation of the evidence, the *rational* trier's view of all of the evidence most favorable to the prosecution must be adopted. Thus, *irrational* decisions to convict will be overturned, *rational* decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.

The Jackson [sic] doctrine or methodology is a compromise between the one extreme that maximizes the protection against the risk that innocent persons will be erroneously convicted by appellate replication of criminal trials and the other extreme that places the greatest faith in the ability of the triers of facts to produce just verdicts. Not only did the Supreme Court abjure any requirement that a reviewing court retry the issue of guilt, but it also rejected all forms of limited review under which a partial or one-dimensional view of the evidence is accepted as an index of its actual probative value. The Jackson [sic] doctrine does not permit the reviewing court to view just the evidence most favorable to the prosecution and then to decide whether that evidence convinced it beyond a reasonable doubt. Nor does it require a court to decide whether, based on the entire record, the *average* rational trier of fact could be convinced of guilt beyond a reasonable doubt.

*Id*. at 1309-10 (footnote omitted).

In invoking the wisdom of Professor Wright, the important points are that "the court is not to substitute its judgment of what the verdict should be for that of the jury, but that at the same time the jury cannot be permitted to speculate if the evidence is such that reasonable jurors must have a reasonable doubt." *Id*. at 1311

2

(quoting 2 CHARLES ALAN WRIGHT, FEDERAL PRACTICE & PROCEDURE, CRIMINAL 2d, § 467 (2d ed. 1982)). What the majority has decided is exactly what is prohibited in a sufficiency of the evidence review: it has allowed the jury to speculate on evidence so skimpy and factually tenuous that any rational person would have a reasonable doubt. The paucity of evidence borders on the embarrassing.

Louisiana Revised Statutes 14:64.2(A) defines carjacking as "the intentional taking of a motor vehicle . . . belonging to another person, in the presence of that person . . . by use of force or intimidation." The evidence fails to disclose a "taking." The Defendant simply jumped head first into the open passenger window of a vehicle being driven by the alleged victim, Mr. Butler. The Defendant never took control of the car. How could he commandeer the car when his feet were still hanging out of the window? No rational juror could find beyond a reasonable doubt that this act tended "directly toward the accomplishing" of carjacking. *See* La.R.S. 14:27(A).

Moreover, the alleged *victim*, Mr. Butler, testified that the Defendant never threatened him, did not wrestle with him, had no weapon and never laid a hand on him. The majority concedes this. How could any rational juror, based on this evidence, find that force or intimidation was used?

The majority relies on the police officers' testimony. That is unpersuasive. Officer Prestridge said that it *appeared* the Defendant was attacking Mr. Butler. Officer Neal conceded that the contact between Mr. Butler and the Defendant may have been incidental. Thus, a police officer's *subjective* feelings trump the *objective* assertions of a victim. How rational can that be? I realize justice is sometimes blind, but "such blindness does not include a state of insensibility to that

3

which is so obvious." *Trahan v. Superior Oil Co.*, 204 F.Supp. 627, 632 (W.D. La. 1962), *aff'd*, 322 F.2d 234 (5th Cir. 1963).

The majority eviscerates the function of a reviewing court and relinquishes our court's authority completely to the emotional vicissitudes of a jury's discretion; the effect is that such discretion is completely unfettered. As the majority states, "the jury was able to view the witnesses live whereas we [the appellate court] are limited to a reading of a cold transcript of the proceeding." Consequently, "the jury had a better vantage point from which to weigh the testimony of the witnesses. . . ." While factional findings and credibility determinations are within the province of the factfinder and are entitled to deference, they are not entitled to infallible omniscience. *Discretio est discernere per legem, quid sit justum*—unlimited discretion does not exist in the law!

The majority's reliance on *State v. Ordodi*, 06-207 (La. 11/29/06), 946 So.2d 654, is equally unpersuasive. *Ordodi* did not articulate any new principles of law, nor does it compel the affirmance of a conviction regardless of the featherweight nature of the evidence. *Ordodi* simply concluded that the supreme court could not "say that the jury's determination [was] irrational *under the facts and circumstances presented to them.*" *Id*. at 662 (emphasis added). In contrast, the jury's determination in convicting the Defendant of attempted carjacking was irrational and legally insupportable.

For the foregoing reasons, I dissent.